Marc S. Dreier (MD-9713)
Joel A. Chernov (JC-8789)
Regina M. Alter (RA-7014)
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
:
HWB VICTORIA STRATEGIES PORTFOLIO, *et al.*, : 07 CV 10657 (TPG)
:
                              Plaintiffs, : **STATEMENT OF**
: **MATERIAL FACTS**
         -against- : **PURSUANT TO**
: **LOCAL RULE 56.1**
THE REPUBLIC OF ARGENTINA, :
:
                              Defendant. :
:
------------------------------------------------------------- x

        Pursuant to Local Rule 56.1, plaintiffs submit the following Statement of Material Facts as to which there is no genuine issue to be tried:

        1.      Plaintiffs acquired certain bonds issued by defendant the Republic of Argentina ("Argentina") (the "Bonds") and continue to own them. *See* the accompanying declarations of plaintiff Gunther Braun, dated April 30, 2008, with annexed exhibits (the "Braun Dec."), Roby Haas, Chairman of the Supervisory Board of LRI Invest S.A., the managing company for plaintiff HWB Renten Portfolio Plus, dated April 30, 2008, with annexed exhibits (the "HWB Renten Dec."), Roby Haas, Chairman of the Supervisory Board of LRI Invest S.A., the managing company for plaintiff HWB Quo Vadis, dated April 30, 2008, with annexed exhibits (the "HWB Quo Dec."), Roby Haas, Chairman of the Supervisory Board of LRI Invest

{00366642.DOC;}

S.A., the managing company for plaintiff HWB Alexandra Strategies Portfolio, dated April 30, 2008, with annexed exhibits (the "HWB Alexandra Dec."), Roby Haas, Chairman of the Supervisory Board of LRI Invest S.A., the managing company for plaintiff NW Global Strategy, dated April 30, 2008, with annexed exhibits (the "NW Global Dec."), Roby Haas, Chairman of the Supervisory Board of LRI Invest S.A., the managing company for plaintiff HWB Victoria Strategies Portfolio, dated April 30, 2008, with annexed exhibits (the "HWB Victoria Dec."), Roby Haas, Chairman of the Supervisory Board of LRI Invest S.A., the managing company for plaintiff HWB Portfolio Plus, dated April 30, 2008, with annexed exhibits (the "HWB Portfolio Dec."), William Adriaanse, Director of Kheshia Holdings Ltd., the managing company for plaintiff Victoria Strategies Portfolio Ltd., dated April 23, 2008, with annexed exhibits (the "Victoria Dec.").

2.  In support of their motion for summary judgment, Plaintiffs submitted the following documents:

- Plaintiff Gunther Braun attached to the Braun Dec. an account statement from his bank, LRI Invest S.A., dated as of February 29, 2008, with a true and correct translation thereof, demonstrating Mr. Braun's current ownership of the Bonds issued by Argentina pursuant to a Fiscal Agency Agreement, dated as of October 19, 1994 (the "1994 FAA") in the aggregated principal amount of $259,700, having the ISIN No. US04011GH79 and CUSIP No. 040114GH7.

- Plaintiff HWB Renten Portfolio Plus attached to the HWB Renten Dec. an account statement from its bank, LRI Invest S.A., dated as of March 26, 2008, with a true and correct translation thereof, demonstrating its current ownership of the Bonds issued by Argentina pursuant to the 1994 FAA in the aggregate principal amounts of (i) $675,000, having the ISIN No. US04011GG96 and CUSIP No. 040114GG9; and (ii) $675,000, having the ISIN No. US040114GH79 and CUSIP No. 040114GH7.

- Plaintiff HWB Quo Vadis attached to the HWB Quo Dec. an account statement from its bank, LRI Invest S.A., dated as of March 26, 2008, with a true and correct translation thereof, demonstrating its current ownership of the Bonds issued by Argentina pursuant to the 1994 FAA in the aggregate principal amounts of (i) $750,000, having the ISIN No.

US04011GG96 and CUSIP No. 040114GG9; and (ii) $750,000, having the ISIN No. US040114GH79 and CUSIP No. 040114GH7.

- Plaintiff HWB Alexandra Strategies Portfolio attached to the HWB Alexandra Dec. an account statement from its bank, LRI Invest S.A., dated as of March 26, 2008, with a true and correct translation thereof, demonstrating its current ownership of the Bonds issued by Argentina pursuant to the 1994 FAA in the aggregate principal amounts of (i) $750,000, having the ISIN No. US04011GG96 and CUSIP No. 040114GG9; and (ii) $750,000, having the ISIN No. US040114GH79 and CUSIP No. 040114GH7.

- Plaintiff NW Global Strategy attached to the NW Global Dec. an account statement from its bank, LRI Invest S.A., dated as of March 26, 2008, with a true and correct translation thereof, demonstrating its current ownership of the Bonds issued by Argentina pursuant to the 1994 FAA in the aggregate principal amounts of (i) $3,000,000, having the ISIN No. US04011GG96 and CUSIP No. 040114GG9; and (ii) $3,000,000, having the ISIN No. US040114GH79 and CUSIP No. 040114GH7.

- Plaintiff HWB Victoria Strategies Portfolio attached to the HWB Victoria Dec. an account statement from its bank, LRI Invest S.A., dated as of March 26, 2008, with a true and correct translation thereof, demonstrating its current ownership of the Bonds issued by Argentina pursuant to the 1994 FAA in the aggregate principal amounts of (i) $5,524,000, having the ISIN No. US04011GG96 and CUSIP No. 040114GG9; and (ii) $6,725,000, having the ISIN No. US040114GH79 and CUSIP No. 040114GH7.

- Plaintiff HWB Portfolio Plus attached to the HWB Portfolio Dec. an account statement from its bank, LRI Invest S.A., dated as of March 26, 2008, with a true and correct translation thereof, demonstrating its current ownership of the Bonds issued by Argentina pursuant to the 1994 FAA in the aggregate principal amounts of (i) $8,400,000, having the ISIN No. US04011GG96 and CUSIP No. 040114GG9; and (ii) $8,250,000, having the ISIN No. US040114GH79 and CUSIP No. 040114GH7.

- Plaintiff Victoria Strategies Portfolio Ltd. attached to the Victoria Dec. an account statement from its bank, LRI Invest S.A., dated as of February 29, 2008, with a true and correct translation thereof, demonstrating its current ownership of the Bonds issued by Argentina pursuant to the 1994 FAA in the aggregate principal amounts of (i) $4,128,262.50, having the ISIN No. US04011GG96 and CUSIP No. 040114GG9; and (ii) $5,938,120.00, having the ISIN No. US040114GH79 and CUSIP No. 040114GH7.

3. These documents indisputably demonstrate plaintiffs' continued

ownership of the Bonds.

### A. The Bonds

4. Argentina issued the Bonds pursuant to the 1994 FAA, among others.[1]

5. In the 1994 FAA, Argentina expressly agreed (i) to submit to the jurisdiction of this Court; (ii) that service of process could be made on it by serving its agent, Banco de la Nacion Argentina, here in New York City; (iii) to waive any claim of sovereign immunity; and (iv) that each of the agreements and the bonds issued pursuant thereto would be governed by and construed in accordance with the laws of the State of New York. *See* Compl. Ex. A §§ 22 & 23.

6. Argentina further agreed that its failure to pay interest when due and/or the declaration of a moratorium on its payment obligations would constitute an event of default, entitling each bondholder to institute a lawsuit. *See* Compl. Ex. A § 12.

7. Section 12 of the 1994 FAA further provides that following either of the foregoing events of default, a note holder, *i.e.*, plaintiffs herein, may give Argentina written notice and declare the principal amount of such Securities held by them to be due and payable immediately. *See* Compl. Ex. A § 12.

### B. Argentina's Default On The Bonds

8. On December 24, 2001, Argentina defaulted on the Bonds when it declared a moratorium on payments of principal and interest with respect to all of its foreign debt, including all payments due plaintiffs. *See Mazoral v. The Republic of Argentina*, No. 04 Civ. 3313 (TPG), Slip Op. at 2 (S.D.N.Y. May 4, 2006) (the "*Mazoral* Decision"); *Moldes v. The*

---

[1] True and correct copy of the 1994 FAA is annexed as Exhibit A to the Complaint, dated November 28, 2007 (the "Compl."), which is annexed to the Declaration of Regina M. Alter, dated June 30, 2008 ("Alter Declaration") as Exhibit 1.

*Republic of Argentina*, No. 04 Civ. 6137 (TPG), Slip Op. at 2 (S.D.N.Y. May 4, 2006) (the "*Moldes* Decision"); *Prima v. The Republic of Argentina*, No. 04 Civ. 1077 (TPG), Slip Op. at 2 (S.D.N.Y. May 4, 2006) (the "*Prima* Decision"); *Morata v. The Republic of Argentina*, 04 Civ. 3314 (TPG) Slip Op. at 2 (S.D.N.Y. May 9, 2006) (the "*Morata* Decision"); *Sauco v. The Republic of Argentina*, 05 Civ. 3955 (TPG) Slip Op. at 2 (S.D.N.Y. May 15, 2006) (the "*Sauco* Decision"); *Lightwater Corp. Ltd. v. The Republic of Argentina*, No. 02 Civ 3804, 02 Civ. 3808, 02 Civ. 5932 (TPG), 2003 WL 1878420, at *2 (S.D.N.Y. Apr. 14, 2003) (the "*Lightwater* Decision"); *EM Ltd. v. The Republic of Argentina*, No. 03 Civ 2507 (TPG), 2003 WL 22120745, at *2 (S.D.N.Y. Sept. 12, 2003) (the "*EM Ltd.* Decision").

9.  Since declaring the moratorium, Argentina has further defaulted by failing to make any payment of interest or principal on any of its foreign debt, including the Bonds here at issue.

10. In fact, Argentina concedes that "since December 2001 it has not paid interest or principal" in connection with Bonds issued pursuant to the 1994 FAA. Ans. at ¶ 20.[2]

11. This Court has already determined that Argentina's obligation to pay these amounts is unconditional, and that Argentina's failure to do so constitutes events of default. *See Mazoral* Decision at 2 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1994 FAA, among others); *Moldes* Decision at 2 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1994 FAA, among others); *Prima* Decision at 2 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and

---

[2] A true and correct copy of the Answer to the Complaint, dated January 28, 2008 (the "Answer" or "Ans.") is annexed to the Alter Declaration as Exhibit 2.

to accelerate on bonds issued under the 1994 FAA, among others); *Mazzini* Decision at *3 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1994 FAA, among others); *Lightwater* Decision at *4 (finding Argentina's obligation unconditional after it had defaulted and bondholder plaintiffs had accelerated obligations on bonds). *See also EM Ltd.* Decision at *2 (finding "nothing in the record to distinguish this case as to EM's unconditional legal right to collect on the bonds").

        12.   By reason of Argentina's default, and in accordance with Section 12 of the 1994 FAA, by letter dated November 27, 2007, plaintiffs provided Argentina with written notice that they was declaring the principal and interest on the Bonds issued pursuant to the 1994 FAA to be due and payable. *See* Compl. at ¶ 19.

Dated: New York, New York
       June 30, 2008

DREIER LLP

By: _____
Marc S. Dreier (MD-9713)
Joel A. Chernov (JC-8789)
Regina M. Alter (RA-7014)

499 Park Avenue
New York, New York 10022
(212) 328-6100

*Attorneys for Plaintiffs*